
**FILED**

**JULY 10, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CBS STUDIOS INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. _____ **08 C 50139** |
| | ) | |
| CHEERS OF ROCKFORD, INC., | ) | |
| DOYLE W. HAYNES, DBA CHEERS OF | ) | **JUDGE REINHARD** |
| ROCKFORD, | ) | **MAGISTRATE JUDGE MAHONEY** |
| PAUL F. REICH, DBA CHEERS OF | ) | |
| ROCKFORD, and | ) | |
| DAWN REICH, DBA CHEERS OF ROCKFORD, ) | | Jury Trial Demanded |
| | ) | |
| Defendants. | ) | |

### COMPLAINT

COMES NOW Plaintiff CBS Studios Inc. ("CBS"), and for its Complaint against Defendants Cheers of Rockford, Inc., Doyle W. Haynes, Paul F. Reich, and Dawn Reich (hereinafter collectively and/or individually "Defendants"), states as follows:

### Nature of Action

1.    This is an action for: (i) trademark infringement under Section 32 of the Lanham Act (15 U.S.C. § 1114); (ii) false designation of origin and unfair competition under 15 U.S.C. § 1125(a); (iii) dilution under Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)); (iv) common law trademark infringement and unfair competition; (v) dilution under the Illinois Trademark Registration and Protection Act (765 ILCS 1036/65); and (vi) violation of the Illinois Uniform Deceptive Trade Practices Act (UDTPA), 815 ILCS 510/1, *et seq.*, and Illinois common law, as more fully appears in this Complaint.

## The Parties

2.      Plaintiff CBS is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 51 West 52nd Street, New York, NY 10019.

3.      On information and belief, Defendant Cheers of Rockford, Inc. is a corporation organized under the laws of the State of Illinois, having its principal place of business at 3207 N. Main St., Rockford, IL 61103, and was involuntarily dissolved on or about February 8, 2008.

4.      On information and belief, Defendant Doyle W. Haynes, is an individual residing and doing business in this judicial district, is the President of Cheers of Rockford, Inc. and/or is doing business as "Cheers of Rockford."

5.      On information and belief, Defendant Paul F. Reich, is an individual residing at 8004 Shore Drive, Machesney Park, IL 61115, doing business as "Cheers of Rockford."

6.      On information and belief, Defendant Dawn Reich, is an individual residing at 8004 Shore Drive, Machesney Park, IL 61115, doing business as "Cheers of Rockford."

## Venue and Jurisdiction

7.      This Court has jurisdiction over the subject matter of this action and the parties pursuant to 15 U.S.C. §§ 1116, 1121 and 1125 and 28 U.S.C. §§ 1331, 1332 and 1338.  This court has jurisdiction over the state law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367.

8.      The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

9.      Defendants are subject to personal jurisdiction of the Court because they do business and/or have committed a tort in this judicial district by wrongfully using and infringing upon CBS's common law and federally registered trademarks and are committing unfair acts in this state.

Defendants' tortuous actions have caused harm to CBS, the brunt of which CBS suffers, and which Defendants knew was likely to be suffered, in Illinois.

10.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because Defendants reside in this district and a substantial part of the events or omissions giving rise to the claims occurred, or a substantial part of property that is the subject of the action is situated, in this judicial district.

### The CHEERS Television Series

11.     "Cheers" is a very successful television series starring actor Ted Danson playing the retired BOSTON RED SOX® pitcher and bar owner, Sam Malone (the "CHEERS® Series"). Created by Executive Producers Glen Charles, Les Charles and James Burrows, the CHEERS® Series was first broadcast in the U.S. on the National Broadcasting Company (NBC) television network, beginning in 1982.

12.     The CHEERS® Series appeared weekly on prime time television for eleven consecutive seasons between 1982 and 1993 in the U.S. The last episode of the CHEERS® Series aired on May 20, 1993 in the U.S. and received one of the highest all-time television ratings from Nielsen Media Research. According to those ratings, the CHEERS® Series was rated amongst the top viewed shows in seven of the eleven seasons it appeared on network television.

13.     The opening and closing of every episode of the CHEERS® Series displays the exterior sign at the Cheers bar, which prominently displays the CHEERS® mark. The CHEERS® name is an integral part of every episode.

14.     Since the original prime time television run ended in 1993, and continuing to today, the CHEERS® Series can be viewed on television stations throughout the U.S. and the world in syndication, as well as on videotapes and DVDs.

### The CHEERS® Family of Marks

15.    Paramount Pictures Corporation ("Paramount") was the owner of several CHEERS® trademarks created and used in connection with the CHEERS® Series.

16.    Among the CHEERS® marks originally developed and used by Paramount is the following famous and highly recognized stylized version of the CHEERS® mark:



("the CHEERS® Logo"). The CHEERS® Logo was first used by Paramount in about September 1982 in promotional television advertising for the CHEERS® Series and is displayed at the opening and closing of every episode of the series from the time it was first broadcast in the U.S. on September 30, 1982.

17.    CBS is successor in interest to certain rights of Paramount, including but not limited to all trademark rights associated with the CHEERS® Series. On December 21, 2005, CBS Studios and Paramount entered into an agreement whereby the television business of Paramount (but not its film business) was transferred to CBS, including all assets and intellectual property rights associated with the CHEERS® Series, in particular, but without limitation, all rights to the CHEERS® related trademarks and copyrights.

18.    Since the acquisition, CBS has made substantial use of the name CHEERS® and the CHEERS® Logo and other related CHEERS® marks, in Illinois, and throughout the U.S., by virtue of the well-known series, via the original broadcasts, syndicated repeats thereof and significant sales of videotapes and DVDs thereof.

19.     In addition, CBS and its predecessor has made substantial use of the name CHEERS®
in the U.S. through the licensing of a variety of goods and services.  Notably, over the years, CBS has
licensed the name CHEERS®, the CHEERS® Logo and other related CHEERS® marks for
restaurant and bar services including, but not limited to, restaurants and bars throughout the U.S and in
foreign countries.  Below is a list of  the  CHEERS® locations that have existed in the U.S.:

| Location | Country |
|----------|---------|
| Bethesda, MD | USA |
| Detroit, MI | USA |
| Cleveland, OH | USA |
| Minneapolis, MN | USA |
| Omaha , NE | USA |
| Anchorage, AK | USA |
| Boston, MA | USA |
| Charlotte, NC | USA |
| Cincinnati, OH | USA |
| Kansas City, MO | USA |
| Las Vegas, NE | USA |
| Los Angeles, CA | USA |
| Memphis, TN | USA |
| Savannah, GA | USA |
| St Louis, MO | USA |

20.     CBS or its predecessor in interest first used the name CHEERS® and the CHEERS®
Logo, through a licensee, in connection with restaurant and bar services in the United States at least as
early as 1991 and has continuously used the name CHEERS®, the CHEERS® Logo and/or other
related CHEERS® marks in connection with restaurant and bar services since then.

21.     By reason of the extensive use of the name CHEERS® and the CHEERS® Logo as
aforesaid, CBS has built up and owns a very substantial goodwill and reputation in Illinois and
throughout the United States. Consequently, at all material times the mark CHEERS®, the CHEERS®
Logo and/or other related CHEERS® marks have been taken by the relevant trade and public in the

U.S. to signify CBS (or its predecessor) or goods or services connected to or associated in the course of trade with CBS (or its predecessor) and none other.

22.     CBS uses and owns U.S. Trademark Registration No. 1,672,594 for the mark MEET ME IN CHEERS® and Design® for printed matter; namely napkins, menus, placemats, coasters and place cards on the Principal Register of the United States Patent and Trademark Office, which registration is valid and in full force and effect, a true and correct copy of which is attached hereto as Exhibit A.

23.     CBS uses and owns U.S. Trademark Registration No. 1,674,277 for the mark MEET ME IN CHEERS® and Design® for beverage ware; namely drinking glasses, mugs, coffee cups and shot glasses on the Principal Register of the United States Patent and Trademark Office, which registration is valid and in full force and effect, a true and correct copy of which is attached hereto as Exhibit B.

24.     CBS uses and owns U.S. Trademark Registration No. 1,266,611 for the mark CHEERS [Stylized]® for entertainment services in the nature of a film series for television on the Principal Register of the United States Patent and Trademark Office, which registration is valid and in full force and effect, a true and correct copy of which is attached hereto as Exhibit C.

25.     CBS uses and owns U.S. Trademark Registration No. 1,362,556 for the mark CHEERS® for entertainment services – namely presentation of a television series on the Principal Register of the United States Patent and Trademark Office, which registration is valid and in full force and effect, a true and correct copy of which is attached hereto as Exhibit D.

26.     CBS uses and owns U.S. Trademark Registration No. 1,890,963 for the mark CHEERS [Stylized]® for pre-recorded video cassette tapes featuring entertainment television series episodes on

the Principal Register of the United States Patent and Trademark Office, which registration is valid and in full force and effect, a true and correct copy of which is attached hereto as Exhibit E.

27.    CBS uses and owns U.S. Trademark Registration No. 3,159,754 for the mark SAM's CAFE AT CHEERS® and Design® for restaurant services on the Principal Register of the United States Patent and Trademark Office, which registration is valid and in full force and effect, a true and correct copy of which is attached hereto as Exhibit F.

28.    CBS uses and owns U.S. Trademark Registration No. 3,351,894 for the mark CHEERS® and Design® for apparel, namely shirts, jackets, shorts, pants, pajamas, infant and toddler one piece clothing, and hats on the Principal Register of the United States Patent and Trademark Office, which registration is valid and in full force and effect, a true and correct copy of which is attached hereto as Exhibit G.  The CHEERS® mark, the CHEERS® Logo and the marks in the above-referenced registrations are hereinafter collectively and/or individually referred to as the "CHEERS® Family of Marks."

### Defendants' Willful Infringement of CBS's CHEERS® Family of Marks

29.    Defendants and CBS are direct competitors.  Like CBS and its licensees, Defendants are in the restaurant and bar services business.

30.    Apparently recognizing the great value of CBS's CHEERS® Family of Marks and reputation, and desiring to benefit from and to trade upon the great value of CBS's CHEERS® Family of Marks and CBS's reputation under and in connection with its CHEERS® Family of Marks, after CBS and its predecessor's adoption and first use of same, Defendants adopted and began using identical and confusingly similar marks and logo designs that include the word "Cheers" in the stylized forms reproduced below:





on and in connection with their advertising, marketing and promotions for restaurant and bar services.

31.     Additionally, Defendants operate a website at www.cheersofrockford.com, through which they market and advertise their restaurant and bar services under and in connection with their infringing marks.

32.     The website prominently displays CBS's CHEERS® mark and a logo design that is substantially identical to the CHEERS® Logo. Upon information and belief, Defendants intentionally chose to adopt and use these infringing marks to confuse the public and trade off the name and goodwill associated with CBS's CHEERS® Family of Marks and services.

33.     Upon information and belief, Defendants were aware of CBS's CHEERS® Family of Marks at the time they chose to adopt and commence use of their infringing marks.

34.     Defendants are offering, providing, advertising, marketing and promoting, among other things, restaurant and bar services that are directly competitive with services provided by CBS and/or its licensees.

35.    Defendants market, advertise and promote their restaurant and bar services on the internet and in the same channels of commerce and trade as CBS and/or its licensees market, advertise and promote their services.

36.    Defendants market, promote and provide their services under their infringing marks to many of the same types and classes of customers as those of CBS and/or their licensees.

37.    On November 27, 2007, shortly after discovery of Defendants' infringing use of the CHEERS® Family of Marks, CBS sent a letter to Defendants informing them of CBS's right, title and interest in and to the valuable and well-known trademark and service mark CHEERS® and its family of related marks, for a variety of goods and services and demanded that Defendants immediately cease any and all use of the valuable CHEERS® marks, and any and all names, logos, marks, phrases or the like, confusingly similar thereto, on or in connection with any and all goods and services. Defendants did not respond to this letter, despite a follow-up letter from CBS sent on January 30, 2008.

38.    On April 25, 2008, CBS, through counsel, sent Defendants a third letter, again demanding that Defendants cease and desist their continuing and willful infringing activity. Despite numerous attempts by CBS's counsel to follow up on the April 25, 2008 letter by telephone, Defendants continued to ignore CBS and refused to accede to the reasonable demands made by CBS in its letters of November 27, 2007 and April 25, 2008.

39.    Defendants' actions and continued wrongful use of CBS's CHEERS® Family of Marks and/or confusingly similar variations thereof, has caused and will continue to cause the trade, consumers and the relevant purchasing public to be confused and to erroneously believe that Defendants are either licensed by CBS to use the CHEERS® Family of Marks and/or confusingly similar variations thereof or that Defendants and/or their goods and services are otherwise sponsored by, associated, or other affiliated with CBS.

40.     Defendants' actions have been willful and committed with knowledge and intent to cause confusion, mistake or deception.

41.     Defendants will continue to use, cause confusion, and benefit and gain from their wrongful use of the CHEERS® Family of Marks, unless preliminarily and permanently enjoined by this Court.

## COUNT I

### TRADEMARK INFRINGEMENT
### UNDER SECTION 32 OF THE LANHAM ACT (15 U.S.C. § 1114(1))

42.     CBS realleges and incorporates each and every allegation set forth in paragraphs 1 through 41 of the Complaint as if fully set forth and restated herein.

43.     CBS is the owner of all right, title and interest in and to its CHEERS® Family of Marks, and all goodwill appurtenant thereto.

44.     Defendants have never requested or otherwise sought CBS's consent, authorization or a license, to use CBS's CHEERS® Family of Marks and/or any confusingly similar variations thereof.

45.     Without license, consent or other authorization, Defendants adopted, began using, marketing, advertising, promoting and selling their services using CBS's distinctive, valuable and well-known CHEERS® Family of Marks and/or confusingly similar variations thereof.

46.     Defendants adopted, used and continue to use CBS's distinctive, valuable and well-known CHEERS® Family of Marks and/or confusingly similar variations thereof, in an unlicensed, unconsented to, and otherwise unauthorized manner for the purpose of benefiting from and trading upon the goodwill enjoyed by CBS from its CHEERS® Family of Marks.

47.     Defendants actions and wrongful use of CBS's CHEERS® Family of Marks and/or confusingly similar variations thereof, have caused and will continue to cause the trade, consumers and

the relevant purchasing public to be confused and to erroneously believe that Defendants are either licensed by CBS to use its CHEERS® Family of Marks and/or that Defendants or their respective services are otherwise associated with CBS.

48.    Defendants' actions are willful and have been committed with knowledge and intent to cause confusion, mistake or deception.

49.    Defendants' actions constitute trademark and service mark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1).

50.    The aforesaid acts of infringement have caused and will continue to cause damage and irreparable harm to CBS and are likely to continue unabated, causing further damage and irreparable harm to CBS and the goodwill symbolized by and associated with its CHEERS® Family of Marks unless enjoined and restrained by this Court.

51.    CBS has no adequate remedy at law and will suffer irreparable injury if Defendants are allowed to continue to wrongfully use CBS's CHEERS® Family of Marks and/or confusingly similar variations thereof.

## <u>COUNT II</u>

### FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
### UNDER SECTION 43(a) OF THE LANHAM ACT (15 U.S.C. § 1125(a))

52.    CBS realleges and incorporates each and every allegation set forth in paragraphs 1 through 51 of the Complaint as if fully set forth and restated herein.

53.    Defendants' unlicensed, unconsented to and otherwise unauthorized use of the CHEERS® Family of Marks and/or confusingly similar variations thereof, on and in connection with the advertising, marketing and promotion of their services, constitutes a false designation of origin that wrongly suggests to the relevant purchasing public and consumers that such services emanate from, or

are licensed, endorsed, approved or sponsored by, or are in some other way associated or connected with, CBS.

54.     Defendants' unlicensed, unconsented to and otherwise unauthorized use of the CHEERS® Family of Marks and/or confusingly similar variations thereof, on and in connection the advertising, marketing and promotion of their services, constitutes a false description or representation tending to suggest to the relevant purchasing public that CBS is the source of origin of such services.

55.     By virtue of Defendants' acts hereinabove described, Defendants have committed and are continuing to commit acts of unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

56.     Defendants' aforesaid acts of unfair competition and false designation of origin have caused and will continue to cause damage and irreparable harm to CBS, and are likely to continue unabated, thereby causing further damage and irreparable harm to CBS and to the valuable goodwill symbolized by and associated with its distinctive and well-known CHEERS® Family of Marks unless enjoined and restrained by the Court.

57.     CBS has no adequate remedy at law and will suffer irreparable injury if Defendants are allowed to continue to wrongfully use the CHEERS® Family of Marks and/or confusingly similar variations thereof.

## COUNT III

## DILUTION UNDER SECTION 43(C) OF THE LANHAM ACT (15 U.S.C. § 1125(C))

58.     CBS realleges and incorporates each and every allegation set forth in paragraphs 1 through 57 of the Complaint as if fully set forth herein.

59.     The CHEERS® Family of Marks are distinctive and famous within the meaning of 15 U.S.C. § 1125(c).  Such marks were distinctive and famous before Defendants first used them and before Defendants used them without authorization.

60.     Defendants' infringing use of CHEERS and CHEERS OF ROCKFORD, and/or confusingly similar variations thereof, as set forth herein, is likely to dilute the distinctive quality of CBS's famous CHEERS® Family of Marks, by blurring, to the harm of CBS.

61.     Defendants' actions constitute dilution in violation of Section 43(c) of The Trademark Act, 15 U.S.C. § 1125(c), resulting in continuous irreparable harm to CBS, for which there is no adequate remedy at law.

62.     Defendants have engaged in this conduct willfully, intending to trade on CBS's reputation and/or to cause dilution of CBS's famous CHEERS® Family of Marks.

63.     Defendants will, unless restrained and enjoined by this Court, continue to cause dilution of the distinctive quality of CBS's famous CHEERS® Family of Marks.

**COUNT IV**

**COMMON LAW TRADEMARK INFRINGEMENT**

64.     CBS realleges and incorporates each and every allegation set forth in paragraphs 1 through 63 of the Complaint as if fully set forth herein.

65.     CBS owns and enjoys common law rights in Illinois, and throughout the U.S., in and to the CHEERS® Family of Marks, in connection with, a wide variety of goods and services.

66.     Without authorization, Defendants knowingly and intentionally used the CHEERS® Family of Marks and/or confusingly similar variations thereof, on and in connection with their marketing and advertisement of restaurant and bar services.

67.     Defendants' conduct was designed to deliberately and wrongfully trade upon the CHEERS® Family of Marks and CBS's established business reputation and good will.

68.     Defendants' use of CBS's CHEERS® Family of Marks and/or confusingly similar variations thereof has caused and is likely to continue to cause consumers to be confused, misled and deceived as to the source of origin of Defendants' services.

69.     Defendants' wrongful use of and infringement upon the CHEERS® Family of Marks and/or confusingly similar variations thereof has confused, misled and deceived, and is likely to continue to confuse, mislead and deceive, consumers into wrongly believing that Defendants and their services are sponsored by, approved by or otherwise affiliated with, CBS.

70.     Defendants' wrongful use of and infringement upon the CHEERS® Family of Marks has injured and is likely to continue to injure the business reputation of CBS and/or to dilute the distinctive quality of the CHEERS® Family of Marks.

71.     Defendants' actions constitute acts of trademark infringement under the common law of Illinois and have damaged and will continue to damage CBS.

72.     Defendants' acts of trademark infringement have caused damage and irreparable harm to CBS and are likely to continue unabated, thereby causing further damage and irreparable harm to CBS and to the valuable goodwill symbolized by and associated with its distinctive and well-known CHEERS® Family of Marks unless preliminarily and permanently enjoined by this Court.  CBS has no adequate remedy at law.

## COUNT V

## STATUTORY DILUTION UNDER 765 ILCS 1036/65

73.     CBS realleges and incorporates each and every allegation set forth in paragraphs 1 through 72 of the Complaint as if fully set forth herein.

74.     The CHEERS® Family of Marks are distinctive and famous in the State of Illinois, within the meaning of 765 ILCS 1036/65.  Such marks were distinctive and famous before Defendants first used them and before Defendants used them without authorization.

75.     Defendants' infringing use of CHEERS and CHEERS OF ROCKFORD, and/or confusingly similar variations thereof, as set forth herein, is likely to dilute the distinctive quality of CBS's famous CHEERS® Family of Marks, by blurring, to the harm of CBS.

76.     Defendants' actions constitute dilution in violation of 765 ILCS 1036/65, resulting in continuous irreparable harm to CBS, for which there is no adequate remedy at law.

77.     Defendant has engaged in this conduct willfully, intending to trade on CBS's reputation and/or to cause dilution of CBS's famous CHEERS® Family of Marks.

78.     Defendant will, unless restrained and enjoined by this Court, continue to cause dilution of the distinctive quality of CBS's famous CHEERS® Family of Marks.

## COUNT VI

### DECEPTIVE TRADE PRACTICES UNDER
### 815 ILCS 510/1, ET SEQ. AND ILLINOIS COMMON LAW

79.     CBS realleges and incorporates each and every allegation set forth in paragraphs 1 through 78 of the Complaint as if fully set forth and restated herein.

80.     Defendants' unlicensed, unconsented to and otherwise unauthorized use of the CHEERS® Family of Marks and/or confusingly similar variations thereof, on and in connection with the advertising, marketing and promotion of their services, constitutes infringement, unfair competition and a false designation of origin that wrongly suggests to the relevant purchasing public and consumers

that such services emanate from, or are licensed, endorsed, approved or sponsored by, or are in some other way associated or connected with, CBS.

81.     Defendants' unlicensed, unconsented to and otherwise unauthorized use of the CBS's CHEERS® Family of Marks and/or confusingly similar variations thereof, on and in connection the advertising, marketing and promotion of their services, constitutes infringement and a false description or representation tending to suggest to the relevant purchasing public that CBS is the source of origin of such services.

82.     Defendants' unlicensed, unconsented to and otherwise unauthorized use of the CHEERS® Family of Marks and/or confusingly similar variations thereof, has caused and is likely to continue to cause the trade, consumers and the relevant purchasing public to be confused and mistaken as to the source of origin of the services being offered and provided by Defendants and, further, to deceive the trade, customers and the relevant purchasing public as to whether CBS is affiliated with, connected with, associated with and/or a sponsor of Defendants' use of CBS's distinctive, well-known and valuable CHEERS® Family of Marks and/or confusingly similar variations thereof, on and in connection with such services.

83.     By virtue of Defendants' acts hereinabove described, Defendants have committed and are continuing to commit acts of deceptive trade practices in violation of Illinois Uniform Deceptive Trade Practices Act (UDTPA), 815 ILCS 510/1, *et seq.*

84.     Defendants' aforesaid acts of deceptive trade practices have caused and will continue to cause damage and irreparable harm to CBS, and are likely to continue unabated, thereby causing further damage and irreparable harm to CBS and to the valuable goodwill symbolized by and associated with its distinctive and extremely well-known CHEERS® Family of Marks unless enjoined and restrained by the Court.

85.     CBS has no adequate remedy at law and will suffer irreparable injury if Defendants are allowed to continue to wrongfully use confusingly similar variations of CBS's CHEERS® Family of Marks.

WHEREFORE, Plaintiff CBS Studios Inc. respectfully requests that the Court enter judgment against Defendants Cheers of Rockford, Inc., Doyle W. Haynes, Paul F. Reich, and Dawn Reich, as follows:

(1)     That the Court preliminarily and permanently enjoin Defendants and/or their respective employees, partners, officers, directors, agents, representatives, attorneys, successors and assigns, and all persons in active concert or participation with any of them, from doing business as CHEERS or CHEERS OF ROCKFORD and/or from otherwise using the CHEERS® Family of Marks and/or any confusingly similar variations thereof, in any manner or form or any other reproduction, counterfeit, copy or colorable imitation of such mark, either alone or in combination with any other designation, on or in connection with any advertising, marketing, promoting, offer for sale or sale of Defendants' services; and from otherwise competing unfairly with CBS;

(2)     That the Court order Defendants to dismantle, take down or otherwise cease operation of the website with the URL  www.cheersofrockford.com, and/or any similar variations thereof and to transfer ownership of said URL(s) to CBS;

(3)     That the Court order Defendants to  remove, destroy and/or obliterate any and all, labels, signs, brochures, advertisements and other items in their possession, or under their control, upon which appear or reflect the CHEERS® Family of Marks, and/or any confusingly similar variations thereof, in any manner or form or any other reproduction, counterfeit, copy or colorable imitation of CBS's CHEERS® Family of Marks, either alone or in combination with any designation;

(4)    That the Court order Defendants to pay to CBS such damages as CBS has actually sustained:

(a)    in consequence of Defendants' infringement of and upon CBS's CHEERS® Family of Marks;

(b)    in consequence of Defendants' false designations of origin and unfair competition;

(c)    in consequence of Defendants' false and misleading advertising and promotion; and

(d)    in consequence of Defendants' dilution of CBS's CHEERS® Family of Marks;

(5)    That the Court order Defendants to account for and pay to CBS all profits realized by Defendants from their infringement of or upon CBS's CHEERS® Family of Marks, their false designations of origin, their false and misleading advertising and promotion, their misrepresentations, their acts of unfair competition and their dilution;

(6)    That the Court find that the circumstances and actions of Defendants' conduct were and are sufficient to merit an award of exemplary damages to CBS in the amount of three times the amount found as actual damages;

(7)    That the Court order Defendants to pay CBS its costs and expenses incurred in and related to this action;

(8)    That the Court order Defendants to pay CBS its attorneys' fees; and

(9)    That the Court award such other and further relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

**BRYAN CAVE LLP**


By:     _/s/  Brian A. Sher_____
        Brian A. Sher
        Mark A. Paskar
        M. Angela Buenaventura
        Bryan Cave LLP
        161 North Clark Street, Suite 4800
        Chicago, Illinois  60601
        Phone:  (312) 602-5165
        Fax:  (312) 602-5050

        Attorneys for Plaintiff
        CBS Studios Inc.

Int. Cl.: 16

Prior U.S. Cls.: 37 and 38

08 C 5 0 1 39

**United States Patent and Trademark Office**   Reg. No. 1,672,594
Registered Jan. 21, 1992

## TRADEMARK
### PRINCIPAL REGISTER



PARAMOUNT    PICTURES    CORPORATION
(DELAWARE CORPORATION)
5555 MELROSE AVENUE
LOS ANGELES, CA 900383197

FOR: PRINTED MATTER; NAMELY, NAP-
KINS, MENUS, PLACEMATS, COASTERS AND
PLACECARDS, IN CLASS 16 (U.S. CLS. 37 AND
38).

FIRST    USE    2–0–1991;    IN    COMMERCE
2–0–1991.

THE MARK CONSISTS OF THE WORD
"CHEERS" IN STYLIZED LETTERS THAT
RUN THROUGH THE MIDDLE OF A CIRCLE.
ABOVE THE WORD "CHEERS" THROUGH
THE TOP HALF OF THE CIRCLE ARE THE
WORDS "MEET ME IN".

SER. NO. 74–174,053, FILED 6–6–1991.

G. T. GLYNN, EXAMINING ATTORNEY

EXHIBIT

A

08 C 50 1 39

Int. Cl.: 21

Prior U.S. Cls.: 2 and 33

## United States Patent and Trademark Office

Reg. No. 1,674,277
Registered Feb. 4, 1992

### TRADEMARK
### PRINCIPAL REGISTER



PARAMOUNT PICTURES CORPORATION
(DELAWARE CORPORATION)
5555 MELROSE AVENUE
LOS ANGELES, CA 900383197

FOR: BEVERAGEWARE; NAMELY, DRINK-ING GLASSES, MUGS, COFFEE CUPS AND SHOT GLASSES, IN CLASS 21 (U.S. CLS. 2 AND 33).
FIRST USE 2–0–1991; IN COMMERCE 2–0–1991.

THE MARK CONSISTS OF THE WORD "CHEERS" IN STYLIZED LETTERS THAT RUN THROUGH THE MIDDLE OF A CIRCLE. ABOVE THE WORD "CHEERS" THROUGH THE TOP HALF OF THE CIRCLE ARE THE WORDS "MEET ME IN".

SER. NO. 74–174,059, FILED 6–6–1991.

G. T. GLYNN, EXAMINING ATTORNEY

EXHIBIT

B

08 C 50 1 39

Int. Cl.: 41

Prior U.S. Cl.: 107

**United States Patent and Trademark Office**

Reg. No. 1,266,611
Registered Feb. 7, 1984

## SERVICE MARK
### Principal Register



Paramount Pictures Corporation (Delaware corporation)
1 Gulf + Western Plz.
New York, N.Y. 10023

For: ENTERTAINMENT SERVICES, IN THE NATURE OF A FILM SERIES FOR TELEVISION, in CLASS 41 (U.S. Cl. 107).
First use Sep. 30, 1982; in commerce Sep. 30, 1982.

Ser. No. 403,087, filed Nov. 18, 1982.

SHARON R. MARSH, Examining Attorney

EXHIBIT

C

tabbies

08 C 5 0 1 39

**Int. Cl.: 41**

**Prior U.S. Cl.: 107**

Reg. No. 1,362,556

# United States Patent and Trademark Office  Registered Sep. 24, 1985

## SERVICE MARK
### PRINCIPAL REGISTER

## CHEERS

PARAMOUNT PICTURES CORPORATION (DELAWARE CORPORATION)
1 GULF + WESTERN PLAZA
NEW YORK, NY 10023

FOR: ENTERTAINMENT SERVICES - NAMELY PRESENTATION OF A TELEVISION SERIES, IN CLASS 41 (U.S. CL. 107).

FIRST USE 9–30–1982; IN COMMERCE 9–30–1982.

OWNER OF U.S. REG. NO. 1,266,611.

SER. NO. 528,359, FILED 3–22–1985.

AVIS FRAZIER-THOMAS, EXAMINING ATTORNEY

EXHIBIT

D

08 C 50 1 39

Int. Cl.: 9

Prior U.S. Cl.: 21

**United States Patent and Trademark Office**

Reg. No. 1,890,963
Registered Apr. 25, 1995

## TRADEMARK
### PRINCIPAL REGISTER



PARAMOUNT    PICTURES    CORPORATION
  (DELAWARE CORPORATION)
5555 MELROSE AVENUE
LOS ANGELES, CA 900383197

FOR: PRE-RECORDED VIDEO CASSETTE TAPES FEATURING ENTERTAINMENT TELEVISION SERIES EPISODES, IN CLASS 9 (U.S. CL. 21).

FIRST    USE    6–0–1991;    IN    COMMERCE 6–0–1991.

OWNER OF U.S. REG. NOS. 1,266,611, 1,733,448 AND OTHERS.

SER. NO. 74–519,717, FILED 4–7–1994.

MICHAEL J. BURKE, EXAMINING ATTORNEY

**EXHIBIT**

E

08 C 5 0 1 39

Int. Cl.: 43

Prior U.S. Cls.: 100 and 101

**United States Patent and Trademark Office**

Reg. No. 3,159,754
Registered Oct. 17, 2006

**SERVICE MARK**
**PRINCIPAL REGISTER**



CBS STUDIOS INC. (DELAWARE LTD LIAB CO)
51 WEST 52ND STREET
NEW YORK, NY 10019

   FOR: RESTAURANT SERVICES, IN CLASS 43
(U.S. CLS. 100 AND 101).

   FIRST USE 7-1-2003; IN COMMERCE 7-1-2003.

THE MARK CONSISTS OF A BASEBALL WITH
THE MARK SAM'S CAFE AT CHEERS.

SN 78-274,071, FILED 7-14-2003.

CURTIS FRENCH, EXAMINING ATTORNEY



EXHIBIT

F

08 C50 1 39

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

**United States Patent and Trademark Office**

Reg. No. 3,351,894

Registered Dec. 11, 2007

## TRADEMARK
### PRINCIPAL REGISTER



CBS STUDIOS INC. (DELAWARE CORPORA-
TION)
51 WEST 52ND STREET
NEW YORK, NY 10019

FOR: APPAREL, NAMELY SHIRTS, JACKETS,
SHORTS, PANTS, PAJAMAS, INFANT AND TOD-
DLER ONE PIECE CLOTHING, AND HATS, IN
CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 2-1-1991; IN COMMERCE 2-1-1991.

OWNER OF U.S. REG. NOS. 1,266,611, 1,362,556,
AND 1,674,277.

THE MARK CONSISTS OF THE WORD CHEERS
IN A STYLIZED FONT.

SER. NO. 77-193,907, FILED 5-31-2007.

CYNTHIA SLOAN, EXAMINING ATTORNEY

**EXHIBIT**

G